IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| MARKELL HARRISON, | ) **MEMORANDUM DECISION &** |
| | ) **DISMISSAL ORDER** |
| Petitioner, | ) |
| | ) Case No. 2:08-CV-988 DAK |
| v. | ) |
| | ) District Judge Dale A. Kimball |
| STEPHEN TURLEY, | ) |
| | ) |
| Respondent. | ) |

---

Petitioner, Markell Harrison, petitions for habeas corpus relief.[1] The Court denies the petition as untimely filed.

In his answer to the petition, Respondent sets forth the time line showing that this petition was filed after the federal period of limitation had run. Petitioner does not argue with Respondent's analysis, but instead contends that the Court should apply equitable tolling principles to excuse his tardiness.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[2] Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues

---

[1] *See* 28 U.S.C.S. § 2254 (2010).

[2] *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted), overruled in part on other grounds by *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc).

judicial remedies but files a defective pleading during the statutory period.'"[3]  And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[4]  Against the backdrop of these general principles, the Court considers Petitioner's specific argument of actual innocence.

"[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at trial."[5]  Petitioner has instead done nothing but rehash and attack the evidence at trial--i.e., he asserts (a) the jury was misled by perjured testimony, (b) racial bias permeated all stages of his prosecution and trial proceedings, and (c) the merits of his substantive claims.  His actual-innocence argument fails because he offers no new, reliable evidence not presented at trial.

Further, Petitioner's assertions of actual innocence based on a restatement of some of the substantive claims in his petition do nothing to further his argument that the Court should disregard the period of limitation's expiration.  The kernel of the Court's analysis regarding equitable tolling is not whether Petitioner urgently believes there were errors--or whether there

---

[3] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)).

[4] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

[5] *Rose v. Newton-Embry*, No. 05-6245, 2006 U.S. App. LEXIS, at *4-5 (10th Cir. Sept. 5, 2006) (unpublished).

2

were indeed errors--in the state proceedings, but whether Petitioner personally did everything he could to ensure this federal petition was timely filed.

"Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period. The record must also demonstrate that the habeas petitioner has pursued his claims diligently but has been prevented from filing a timely petition due to extraordinary circumstances."[6] The record here does not bear out such diligence. Regardless of the merits of his claims, Petitioner has simply not explained any efforts he made during the running of the period of limitation to observe his federal habeas rights. Aside from Petitioner's failure to provide new evidence, this lack of diligence alone would be enough to persuade the Court to refuse Petitioner's quest for application of the actual-innocence doctrine. In sum, none of the circumstances raised by Petitioner rendered it beyond his control to timely file his petition here.

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances or took specific steps to

---

[6] *York v. Jordan*, No. 05-CV-021-JHP-FHM, 2006 U.S. Dist. LEXIS 17323, at *7 (N.D. Okla. Mar. 23, 2006) (citation omitted); *see also Thompson v. Simmons*, No. 98-3270, 1999 U.S. App. LEXIS 10999, at *4 (10th Cir. May 28, 1999) (unpublished) ("While we have intimated actual innocence may be grounds for equitable tolling under § 2244(d)(1), we have emphasized that prisoners must diligently pursue their claims to avail themselves of equitable tolling.").

"'diligently pursue his federal claims.'"[7]  Petitioner thus has

not established a basis for equitable tolling.

Accordingly, the current petition before the Court was filed

past the one-year period of limitation.  And, neither

statutory exceptions nor equitable tolling apply to save

Petitioner from the period of limitation's operation.

IT IS THEREFORE ORDERED that Petitioner's petition is DENIED

as untimely.[8]  This case is CLOSED.

DATED this September 24, 2010, day of September, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[7] *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (citation omitted).

[8] *See* 28 U.S.C.S. § 2244(d) (2010).